UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
HERMES HOXHA and BESART MJEKU, on behalf         :
of themselves and all others similarly situated,          :
                                                                                    :
                               Plaintiffs,                           :
                                                                                    :          **COMPLAINT**
                    -against-                                         :
                                                                                    :          **COLLECTIVE ACTION**
ZERO OTTO NOVE INC. d/b/a TRATTORIA            :
ZERO OTTO NOVE and ROBERTO PACIULLO,       :
                                                                                    :
                               Defendants.                         :
-------------------------------------------------------------------- X

      Plaintiffs Hermes Hoxha ("Hoxha") and Besart Mjeku ("Mjeku") (together, "Plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of defendants Zero Otto Nove Inc. d/b/a Trattoria Zero Otto Nove ("Zero Otto Nove"), and Roberto Paciullo ("Paciullo") (together, with Zero Otto Nove, "Defendants"), allege:

## NATURE OF THE ACTION

      1.    Defendants failed to pay bussers Besart Mjeku and Hermes Hoxha and its waitstaff any wages whatsoever from at least December 2013 through December 2016, requiring Plaintiffs and its waitstaff to work only for tips left by Zero Otto Nove's customers during this period.  Beginning in approximately January 2017, Zero Otto Nove began to pay Plaintiffs and its waitstaff $7.50 per hour for weekly hours worked up to forty, but failed to pay proper overtime at one-and-one-half (1 ½) times the employees' regular rate of pay for weekly hours worked over forty, failed to compensate their employees for all of their hours worked, and allowed a manager to participate in the waitstaff tip pool and to retain portions of the tips that customers left for the waitstaff.  Defendants also failed to pay its waitstaff spread-of-hours pay and failed to provide Plaintiffs and its waitstaff with wage notices upon hiring and

whenever there was a change to their respective rate(s) of pay, as well as accurate wage statements at the end of each pay period.

2.      Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law § 190 *et seq.* ("NYLL") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, misappropriated gratuities, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because the events set forth in this Complaint occurred at Zero Otto Nove, which is located in the Southern District of New York.

## THE PARTIES

**Plaintiff Hermes Hoxha**

5.      Hoxha resides in the Bronx, New York.

6.      Defendants employed Hoxha as a busboy from March 2016 through January 2017.

7.      Hoxha is an "employee" within the meaning of the FLSA.

**Plaintiff Besart Mjeku**

8.      Mjeku resides in the Bronx, New York.

9.      Defendants employed Mjeku as a busboy from October 2014 through April 2017.

10.     Mjeku is an "employee" within the meaning of the FLSA.

**Defendant Zero Otto Nove Inc.**

11.     Defendant Zero Otto Nove Inc. is a New York corporation that owns, operates, and does business as Trattoria Zero Otto Nove an Italian restaurant located in the Little Italy neighborhood of the Bronx at 2357 Arthur Avenue, Bronx, New York 10458.

12.     Zero Otto Nove Inc. has employees engaged in commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13.     Within the three years prior to the filing of this Complaint, Zero Otto Nove Inc. had an annual gross volume of sales in excess of $500,000.

**Defendant Roberto Paciullo**

14.     Defendant Roberto Paciullo is an owner of Zero Otto Nove.

15.     Paciullo is listed as the principal of Zero Otto Nove on its New York State Liquor Authority Public Query Results webpage and as its Chief Executive Officer on its New York State Department of State Division of Corporations Entity Information webpage.

16.     Paciullo determined the wage rates of Zero Otto Nove's waitstaff, including Plaintiffs'.

17.     Paciullo hired the management at Zero Otto Nove.

18.     Throughout Plaintiffs' employment, Paciullo was regularly present at Zero Otto Nove approximately every two to three days.

19.     Paciullo directed the waitstaff's and Plaintiffs' employment duties.  For example, Paciullo would regularly call Hoxha and direct him to clean plates, the sink, and downstairs in the kitchen.

20.     Paciullo hired and fired employees at Zero Otto Nove.  For example, Paciullo fired Hoxha through a manager.

21.     Paciullo exercised sufficient control over Zero Otto Nove's operations to be considered the Zero Otto Nove waitstaff's and Plaintiffs' employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Hermes Hoxha's Hours and Pay**

22.     Throughout his employment, Hoxha regularly worked six days per workweek.  Hoxha regularly worked Tuesday through Thursday from approximately 11:00 a.m. to 10:30 p.m.–11:00 p.m., Friday and Saturday from approximately 11:00 a.m. to 11:30 p.m.–12:00 a.m., and Sunday from approximately 11:00 a.m. to 9:00 p.m.–10:00 p.m., totaling approximately 69.5 to 73 hours per workweek.

23.     Zero Otto Nove did not accurately keep track of Hoxha's work hours and did not have a timeclock or any other method for employees to record their actual hours worked at any point during Hoxha's employment.

24.     From the beginning of his employment at Zero Otto Nove in March 2016 through December 2016, Defendants did not pay Hoxha any wages whatsoever. During this period, Hoxha worked only for tips left by Zero Otto Nove's customers.

25.     From approximately January 1, 2017 through January 13, 2017, Defendants paid Hoxha $7.50 for each of his weekly hours worked.

26.     Hoxha regularly worked five to six workdays per week at Zero Otto Nove which spanned more than ten hours in a workday.

27.     Defendants did not compensate Hoxha with one additional hour's pay at the statutory minimum hourly wage for each day that his workday spanned more than ten hours.

28.     Defendants did not give Hoxha oral or written notice of the tip credit provisions of the FLSA and/or the NYLL.

29.     Defendants failed to compensate Hoxha at the statutory minimum wage rate required by the FLSA and the NYLL for all of his hours worked.

30.     Throughout his employment, Defendants did not pay Hoxha at the rate of one and one-half (1 ½) times his hourly wage rate for hours worked in excess of forty per workweek.

31.     Defendants did not furnish Hoxha with wage notices at the time of his hiring and whenever his rate of pay changed.

32.     Defendants failed to furnish Hoxha with weekly statements of wages accurately listing, *inter alia*, hours worked, rates paid, and gross wages.

**Besart Mjeku's Hours and Pay**

33.     Throughout his employment, Mjeku regularly worked six days per workweek, though occasionally he worked five days in a workweek.  Mjeku regularly worked Tuesday through Thursday from approximately 11:00 a.m. to 10:30 p.m.–11:00 p.m., Friday and Saturday from approximately 11:00 a.m. to 11:30 p.m.–12:00 a.m., and Sunday from approximately 11:00 a.m. to 9:00 p.m.–10:00 p.m., totaling approximately 69.5 to 73 hours per workweek.

34.     Zero Otto Nove did not accurately keep track of Mjeku's work hours and did not have a timeclock or any other method for employees to record their actual hours worked at any point during Mjeku's employment.

35.    From the beginning of his employment at Zero Otto Nove in October 2014 through December 2016, Defendants did not pay Mjeku any wages whatsoever.  During this period, Mjeku worked only for tips left by Zero Otto Nove's customers.

36.    From approximately January 1, 2017 through April 2017, Defendants paid Mjeku $7.50 for some of his weekly hours worked but failed to compensate Mjeku at one and one-half (1 ½) times the minimum wage for all of his weekly hours worked over 40.

37.    Mjeku regularly worked five to six workdays per week at Zero Otto Nove which spanned more than ten hours in a workday.

38.    Defendants did not compensate Mjeku with one additional hour's pay at the statutory minimum hourly wage for each day that his workday spanned more than ten hours.

39.    Defendants did not give Mjeku oral or written notice of the tip credit provisions of the FLSA and/or the NYLL.

40.    Defendants failed to compensate Mjeku at the statutory minimum wage rate required by the FLSA and the NYLL for all of his hours worked.

41.    Throughout his employment, Defendants did not pay Mjeku at the rate of one and one-half (1 ½) times his hourly wage rate for hours worked in excess of forty per workweek.

42.    Defendants did not furnish Mjeku with wage notices at the time of his hiring and whenever his rate of pay changed.

43.    Defendants failed to furnish Mjeku with weekly statements of wages accurately listing, *inter alia*, hours worked, rates paid, and gross wages.

**Misappropriation of Gratuities**

44.     Defendants established and imposed an unlawful tip pool upon Plaintiffs and the waitstaff which required them to share tips with Gentjan Doci, a Zero Otto Nove manager.  Doci received a waiter's share of the tip pool, which was a greater amount than a busser's share.

45.     As a manager, Doci trained the Waitstaff, controlled the Waitstaff's terms and conditions of employment, exercised authority over the rate and method of compensation of the Waitstaff, scheduled the Waitstaff, disciplined the Waitstaff, and did not have tables or sections of his own like the Waitstaff did.

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiffs bring the claims in this Complaint arising out of the FLSA on behalf of themselves and all similarly situated waiters, bussers, runners, and bartenders (the "Waitstaff") who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

47.     The FLSA Collective consists of at least twenty (20) Waitstaff who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages, spread-of-hours pay, tips, and other monies.

48.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL.  This policy and pattern or practice includes, *inter alia,* the following:

> a.   failing to keep accurate records of hours worked by the FLSA Collective as required by the FLSA;

    b.   failing to pay the FLSA Collective at least the minimum wage for all hours worked;

    c.   failing to pay the FLSA Collective overtime pay of at least time-and-a-half (1 ½) the minimum wage for all weekly hours worked over forty;

    d.   depriving the FLSA Collective of tips that they earned;

    e.   failing to pay the FLSA Collective spread-of-hours compensation for each day in which their workdays spanned more than ten hours;

    f.   failing to provide the FLSA Collective with accurate wage statements at the end of each pay period; and

    g.   failing to provide the FLSA Collective with wage notices at the time of hiring or whenever their rates of pay changes.

49.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

50.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

51.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Zero Otto Nove and are readily identifiable and locatable through its records.  Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

52.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

53.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs and the FLSA Collective.

54.    Defendants were required to pay Plaintiffs and the FLSA Collective the applicable minimum wage rate.

8

55.     Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

56.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

57.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
**(New York Labor Law – Unpaid Minimum Wage)**

58.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

59.     Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiffs and the Waitstaff.

60.     Defendants failed to pay Plaintiffs and the Waitstaff the minimum hourly wages to which they were entitled under the NYLL.

61.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Waitstaff minimum hourly wages.

62.     As a result of Defendants' violations of the NYLL, Plaintiffs and the Waitstaff are entitled to recover unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

63.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

64.     Defendants were required to pay Plaintiffs and the FLSA Collective one and one-half (1½) times their regular hourly rates for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

65.     Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

66.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

67.     Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

68.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

69.     Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the Waitstaff one and one half (1½) times their regular hourly rates for all hours worked in excess of forty per week.

70.     Defendants have failed to pay Plaintiffs and the Waitstaff the overtime wages to which they were entitled under the NYLL.

71.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Waitstaff overtime wages.

72.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Waitstaff are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FIFTH CLAIM**
**(New York Labor Law – Spread-of-Hours Pay)**

73.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

74.     Defendants willfully failed to pay Plaintiffs and the Waitstaff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

75.     By Defendants' failure to pay Plaintiffs and the Waitstaff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

76.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Waitstaff are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

**SIXTH CLAIM**
**(New York Labor Law – Misappropriation of Gratuities)**

77.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

78.     Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and the Waitstaff in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

79.     Defendants required Plaintiffs and the Waitstaff to share a portion of the gratuities they received with employees other than waiters, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

80.     By Defendants' knowing or intentional demand for, acceptance of, and/or retention of a portion of the gratuities received by Plaintiffs and the Waitstaff, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

81.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the Waitstaff are entitled to recover from Defendants unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## SEVENTH CLAIM
### (New York Labor Law – Failure to Provide Wage Notices)

82.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

83.     Defendants failed to furnish Plaintiffs and the Waitstaff with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

84.     Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Waitstaff are entitled to recover from the Defendants liquidated damages of $50 per workday that

the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

### EIGHTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

85.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

86.     Defendants failed to furnish to Plaintiffs and the Waitstaff, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

87.     Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs and the Waitstaff are entitled to recover from Defendants liquidated damages of $250 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.     authorize the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of persons who were employed by Defendants as waitstaff (*i.e.*, waiters, bussers, runners, and bartenders) during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.      declare that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c.      declare that Defendants have violated the spread-of-hours provisions of the NYLL and the New York State Department of Labor Regulations;

d.      declare that Defendants misappropriated gratuities in violation of the NYLL and the New York State Department of Labor Regulations;

e.      declare that Defendants violated the notice and record keeping provisions of the Wage Theft Prevention Act;

f.      declare that Defendants' violations of the FLSA and NYLL were willful;

g.      enjoin future violations of the FLSA and NYLL;

h.      award Plaintiffs and the Waitstaff damages for unpaid minimum and overtime wages, misappropriated gratuities, and spread-of-hours pay;

i.      award Plaintiffs and the Waitstaff liquidated damages pursuant to the FLSA and NYLL;

j.      award Plaintiff and the Waitstaff statutory damages as a result of Defendants' failure to furnish wage notices upon their hiring or whenever their rates of pay changed pursuant to the NYLL;

k.      award Plaintiffs and the Waitstaff statutory damages as a result of Defendants' failure to furnish them with accurate wage statements at the end of each pay period pursuant to the NYLL;

l.      award Plaintiffs and the Waitstaff pre- and post-judgment interest under the FLSA and the NYLL;

m.       award Plaintiffs and the Waitstaff reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

n.   award such other and further relief as the Court deems just and

proper.

Dated:   New York, New York
         December 19, 2019

PECHMAN LAW GROUP PLLC

By: _____
    Louis Pechman
    Gregory S. Slotnick
    488 Madison Avenue, 17th Floor
    New York, New York 10022
    Tel.: (212) 583-9500
    pechman@pechmanlaw.com
    slotnick@pechmanlaw.com
    *Attorneys for Plaintiffs & the
    Putative FLSA Collective*

15